**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 11, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

LEE ANDREW MITCHELL-
PENNINGTON,

    Plaintiff - Appellant,

v.

INSTALLTEC, INC.,

    Defendant - Appellee.

No. 25-3141
(D.C. No. 2:23-CV-02324-JWB-RES)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

Lee Andrew Mitchell-Pennington, proceeding pro se,[1] sued his former

employer, Installtec, Inc., for race discrimination and retaliation under Title VII of

the Civil Rights Act of 1964 and for disability discrimination, failure to

accommodate, and retaliation under the Americans with Disabilities Act ("ADA").

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Mitchell-Pennington represents himself, we construe his filings liberally but do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

After ruling on motions to dismiss and for summary judgment, the district court entered final judgment for Installtec on all claims. Mr. Mitchell-Pennington appeals.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND

Mr. Mitchell-Pennington's amended complaint attempted to allege Title VII and ADA discrimination and retaliation claims. Installtec moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion on the Title VII and ADA discrimination claims, determining that the factual allegations did not support an inference of discrimination due to race or disability. It denied the motion on the Title VII and ADA retaliation claims.[2]

Mr. Mitchell-Pennington filed two more amended complaints—his third amended complaint is the operative pleading. It attempted to allege (1) Title VII retaliation, (2) ADA retaliation, (3) Title VII discrimination, (4) ADA discrimination, and (5) ADA failure to adopt a reasonable accommodation. Installtec moved for summary judgment on the Title VII and ADA retaliation claims, and Mr. Mitchell-Pennington moved for summary judgment on all five of his claims.

The district court granted summary judgment to Installtec on both retaliation claims. It found the facts in Installtec's summary judgment briefing to be

---

[2] The district court noted that although his amended complaint alleged that he requested two reasonable accommodations, Mr. Mitchell-Pennington had not argued that he was "raising an ADA discrimination claim for failure to adopt a reasonable accommodation" and declined to "construct a legal argument for him." R. at 25 n.6.

"uncontroverted and admitted" because Mr. Mitchell-Pennington asserted his own facts rather than controvert Installtec's, which is required under Federal Rule of Civil Procedure 56 and local rule D. Kan. R. 56.1(b)(1). R. at 442. The court then concluded those facts showed Mr. Mitchell-Pennington's "adverse employment action had no connection to his alleged complaints about suffering from both harassment and discrimination. Instead, [Installtec] terminated [him] for legitimate reasons unrelated to his complaints of discrimination." R. at 444.

In the same order, the district court determined Mr. Mitchell-Pennington's Title VII and ADA discrimination claims were frivolous, dismissed them under 28 U.S.C. § 1915(e)(2)(B)(i), and denied his motion for summary judgment on those claims. The court said Mr. Mitchell-Pennington failed to "analyze his discrimination claims." R. at 446. It further explained that his "conclusory and self-serving" affidavit contained the only evidence of race discrimination, and he presented "no evidence indicating that [Installtec] discriminated against him on the basis of his disabilities." R. at 446, 447.[3]

## II. DISCUSSION

The opening brief must identify "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed R. App. P. 28(a)(8)(A). "Consistent with this requirement, we routinely

---

[3] The district court did not explicitly address the ADA failure-to-accommodate claim, but the final judgment disposed of all claims. Mr. Mitchell-Pennington does not challenge dismissal of the accommodation claim on appeal.

have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief." *Bronson v. Swenson*, 500 F.3d 1099, 1104 (10th Cir. 2007).

Mr. Mitchell-Pennington has waived any challenge to the district court's dismissals of his Title VII and ADA discrimination and ADA failure-to-accommodate claims because he fails to address those claims in his opening brief. We confine our review to his opening-brief arguments. He did not file a reply brief.

Mr. Mitchell-Pennington argues the district court erred in (A) not holding a summary judgment hearing, (B) discounting the probative value of his affidavit, (C) determining the facts, and (D) granting summary judgment. We discern no error.

## A. *Hearing*

Mr. Mitchell-Pennington contends the district court should have held a hearing on his cross motion for summary judgment, suggesting its failure to do so means the court failed to consider his motion. But the court was not required to hold a hearing. *See Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988) ("[T]he parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court."). The court's order shows it considered the summary judgment briefing and other relevant materials, including Mr. Mitchell-Pennington's affidavit.

## B. *Affidavit*

Mr. Mitchell-Pennington next argues the district court wrongly discounted his affidavit as conclusory and self-serving and that "irrespective of its self-serving

4

nature," his affidavit contained "sufficient evidence to survive summary judgment." Opening Br. at 5.

But "conclusory and self-serving affidavits are not sufficient" to survive summary judgment. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (internal quotation marks omitted). "Affidavits must contain certain indicia of reliability[,]" and "[u]nsubstantiated allegations carry no probative weight in summary judgment proceedings." *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1201 (10th Cir. 2015) (internal quotation marks omitted). Our review of the record confirms that Mr. Mitchell-Pennington failed to provide other evidence to substantiate the conclusory and self-serving allegations raised in his affidavit. The district court properly declined to credit them.

## C. *Notice and Factual Determinations*

Mr. Mitchell-Pennington argues he did not receive timely notice to controvert the facts in Installtec's summary judgment briefing. *See* Opening Br. at 6 ("Mr. Mitchell-Pennington never got clear notice until after [he] filed his [responses]."). He suggests the district court should not have relied on Installtec's facts without first giving him a chance "to amend [his] response to comply with Federal Rule of Civil Procedure 56." *Id*. Installtec counters that it timely filed the pro se notice and its summary judgment motion, and properly served Mr. Mitchell-Pennington with copies of both by sending them to him that day via first class U.S. mail, which the record confirms. *See* R. at 59 (certificate of service on summary judgment motion); R. at 89 (certificate of service on notice to pro se litigant).

5

Mr. Mitchell-Pennington gives us no reason to question the district court's determinations that "[he] received the notice" and the notice informed him "how to comply with both Federal Rule of Civil Procedure 56 and local rule D. Kan. R. 56.1." R. at 442; *see also* R. at 88–92 (notice explaining requirements for opposing summary judgment with applicable rules attached).  We therefore conclude the district court appropriately relied on Installtec's uncontroverted facts.

## D.  *Summary Judgment*

We assess the district court's grant of summary judgment to Installtec on the Title VII and ADA retaliation claims based on these uncontroverted facts:

> [Mr. Mitchell-Pennington] worked for [Installtec] from January 18, 2022, through February 4, 2022.  [Installtec] fireproofs buildings that are under construction; specifically, it sprays foam and other fireproofing materials during the construction phase.  When [Mr. Mitchell-Pennington] worked for [Installtec], [Installtec] was a subcontractor for a large project in Olathe, Kansas.  [Mr. Mitchell-Pennington] was hired to work on that project.  His job duties were cleaning, laying plastic, and filling buckets with mud and water.  [His] employment was terminated on February 4, 2022[,] . . . because he refused to perform his job responsibilities, failed to follow instructions from his supervisors, was on his phone recording others instead of working, was aggressive toward his coworkers and supervisors, and was late and missed work.

R. at 443.

## 1.  Legal Background

### a.  Standard of Review

"We review the district court's summary judgment decision de novo."  *Byrnes v. St. Catherine Hosp.*, 158 F.4th 1107, 1120 (10th Cir. 2025) (internal quotation marks omitted).  "The court shall grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

   b. *Title VII and ADA Retaliation*

To establish a prima facie case of Title VII retaliation or ADA retaliation, a plaintiff must show that (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action. *See Vaughn v. Epworth Villa*, 537 F.3d 1147, 1150 (10th Cir. 2008) (stating Title VII retaliation standard); *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1186–87 (10th Cir. 2016) (stating same standard for ADA retaliation).

## 2. Application

The parties agree that Mr. Mitchell-Pennington suffered an adverse employment action when Installtec terminated his employment. But the uncontroverted facts establish that Installtec fired Mr. Mitchell-Pennington for several legitimate reasons: his failure to perform job duties, ignoring instructions from supervisors, aggression towards coworkers, and missing work. Mr. Mitchell-Pennington has not provided evidence to show a causal connection between his protected activity and Installtec's firing him, which is a necessary element of Title VII and ADA retaliation claims. *See Vaughn*, 537 F.3d at 1150; *see Foster*, 830 F.3d at 1187. Summary judgment in favor of Installtec on both retaliation claims was therefore appropriate. *See Throupe v. Univ. of Denver*, 988 F.3d 1243, 1250 (10th Cir. 2021) (explaining that "if the plaintiff fails to provide sufficient evidence

7

supporting a necessary element of his claim, the movant is entitled to summary judgment as a matter of law").

### III. CONCLUSION

We affirm the district court's judgment. We grant Mr. Mitchell-Pennington's motion to proceed on appeal *in forma pauperis* without prepayment of costs and fees. He must continue making partial payments until his entire fee is paid.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge